IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. LEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 13 C 1679 |
| | ) |
| MEGGITT PLC, a Corporation, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Frequent filer Michael Leon ("Leon")[1] has filed an attempted appeal from this Court's January 7, 2014 oral ruling and order transferring this action to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") -- not incidentally, Arizona is the situs not only of Leon's own residence but also of other substantively similar, if not identical, federal actions that he has brought to supplant several earlier-dismissed lawsuits that he had also filed in that district. Now Leon has moved for in forma pauperis ("IFP") status in our Court of Appeals,[2] asking to be excused from payment of the appellate filing fees. Although that motion was tendered through the use of the Court of Appeals' form,

---

[1] "Frequent filer" is a major understatement. Leon has repeated the same lawsuit or variations on his earlier lawsuits again and again, heedless of the adverse judicial rulings that have uniformly dismissed his earlier filings.

[2] To be more precise, Leon has employed the form supplied by the Court of Appeals for use by appellants who wish to be spared the cost of appellate filing fees, but that form has been docketed in this District Court as Dkt. No. 51. This Court is unaware of whether Leon's appeal has been assigned a Seventh Circuit case number -- instead this Court printed out a copy of the IFP application from the District Court file.

that court ordinarily transfers such motions to the District Court in the first instance, and this memorandum order is issued in anticipation of such a transfer.[3]

Leon's motion is fundamentally unsound because, as already stated, his purported appeal is from a Section 1404(a) transfer, which is universally held to be nonfinal and hence nonappealable (see, e.g., 17 Moore's Federal Practice ("Moore's") § 111.60(1) (3d ed. 2013) and numerous cases cited there). Nor does an order granting a Section 1404(a) transfer fall within the collateral order exception to the final judgment rule (see id. at page 111-199).

It is true that mandamus review may be available in an appropriate case (see 17 Moore's § 111.61 and, in this Circuit, In re LimitNone, LLC, 551 F. 3d 572, 575-76 (7th Cir. 2008)). But even that extraordinary remedy is unavailable to our own Court of Appeals here because the case record had already been physically transferred to the Arizona District Court on January 8 (six days before Leon filed his notice of appeal), causing the courts in this circuit -- both this District Court and our Court of Appeals -- to lose jurisdiction over the case (see 17 Moore's § 111.64[2][a] at 111-205 and, in this Circuit, Robbins v. Pocket Beverage Co., 779 F. 2d 351, 355 (7th Cir. 1985)).

In sum, Leon's attempted appeal must be characterized as frivolous in the legal sense. With no existing foundation on which an appeal might be erected, Leon's motion for IFP

---

[3] This is not of course an effort to be presumptuous or to preempt action by the Court of Appeals if it wishes to decide Leon's current motion itself. It is rather that this Court is already familiar with the background facts by virtue of the motions for dismissal, or alternatively for transfer, of this action that had been brought by two of Leon's targeted defendants: the Boeing Company and Leon's former employer Securaplane Technologies, Inc. ("Securaplane"). In that respect Securaplane's motion included a showing that it has had no contacts with Illinois that could even arguably support the assertion of in personam jurisdiction over that corporation in Illinois. Instead Securaplane is Arizona-based, and it employed Leon in that state.

status must be denied.

                                                          _____

                                                          Milton I. Shadur

Date: January 16, 2014                       Senior United States District Judge